UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEWIS E. LOVE (#457127)

VERSUS                                          CIVIL ACTION

JODY BENDILY, ET AL                             NUMBER 08-506-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 27, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEWIS E. LOVE (#457127)

VERSUS                                         CIVIL ACTION

JODY BENDILY, ET AL                            NUMBER 08-506-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Motion for Summary Judgment. Record document number 23. The motion is not opposed.

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, former Warden James LeBlanc, Warden Steve Rader, former Assistant Warden Dennis Grimes and Col. Jody Bendily. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs and subjected him to unconstitutional conditions of confinement in violation of his constitutional rights.

Plaintiff moved for summary judgment[1] relying on a statement of undisputed facts, the plaintiff's declaration, a copy of the results of Administrative Remedy Procedure DCI-2007-597, copies of

---

[1] Plaintiff addressed claims in his motion for summary judgment which were not raised in his complaint. Plaintiff's motion for summary judgment shall not be treated as an amendment to the complaint.

the results of emergency reclassification boards dated September 12 and 26, 2007, copies of correspondence to prison officials, a copy of a memorandum from Louise Mitchell, R.N. dated September 20, 2007, copies of medical duty status forms, copies of Compound 1 Limited Duty lists, a copy Policy Number 4B-002, a copy of a Heat Pathology list, and copies of articles regarding Chronic Obstructive Pulmonary Disease (COPD).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Plaintiff alleged that he suffers from asthma, and in 2003 was issued a permanent limited medical duty status which restricted him to performing work indoors with no exposure to dust or chemicals. Plaintiff alleged that on September 12, 2007, he was advised by a treating physician that his asthma had progressed to COPD. Plaintiff alleged that Col. Bendily reclassified him to regular duty as a dormitory orderly the same day.  Plaintiff alleged that the duties he was required to perform as a dormitory orderly exposed him to dust and required him to use cleaning products which aggravated his asthma and COPD.  Plaintiff alleged that he notified Col. Bendily, Asst. Warden Grimes, Warden Rader and Warden LeBlanc

that his work assignment was causing him to be exposed to conditions which aggravated his medical condition. Plaintiff alleged that on September 26, 2007, he was reclassified to a limited duty status and was assigned to the Corrections Learning Network, which is an educational program held in Recreation Room II on Compound 1. Plaintiff alleged that he is required to attend the class seven hours per day, five days per week. Plaintiff alleged that throughout the day inmate orderlies use bleach, germicide, dust mops, and metal (brass) cleaners which aggravate his asthma and COPD.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[2]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that

---

[2] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. 294, 111 S.Ct. at 2321.

3

produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

The summary judgment evidence showed that the plaintiff was issued a medical duty status by Dr. Tarver on September 12, 2007, assigning the plaintiff to regular duty indoors, bottom bunk, no dust, no chemicals and may have an extra blanket.[3] On September 12, 2007, reclassification board members Gwen White and Col. Bendily reclassified the plaintiff from limited duty CR C-1 to dormitory C orderly.[4] On September 21, 2007, the plaintiff sent correspondence to Warden Rader and Warden LeBlanc complaining that his reclassification to a job as a dormitory orderly was aggravating his medical condition.[5] Warden Rader referred the plaintiff's letter to Louise Mitchell, Nursing RN Manager.[6] In her response, Mitchell advised the plaintiff that his classification would be reviewed by the next reclassification board and would be assigned work duties in accordance with his duty status.[7] On September 26, 2007, reclassification board members White and Col.

---

[3] Rec.doc.no. 23-3, p. 8, exhibit 1.

[4] Rec.doc.no. 23-2, p. 3, exhibit 2.

[5] Rec.doc.no. 23-2, pp. 5-6, exhibit 4.

[6] Rec.doc.no. 23-2, p. 7, exhibit 5.

[7] *Id.*

Bendily reclassified the plaintiff from dormitory C orderly to limited duty CR C-1.[8]  Plaintiff was assigned a job at "C.L.N.", which presumably is the Corrections Learning Network.[9]  On October 17, 2007, the plaintiff was issued a duty status assigning him to regular duty indoors, bottom bunk, no lifting greater than 15 pounds, must sit to work, no excess dust or chemicals, extra blanket, and extra pillow to raise head.[10]  On January 11, 2008, the plaintiff was issued a permanent duty status with the same restrictions identified in the October 17, 2007 duty status.[11]  This duty status only prohibited the plaintiff from being exposed to "excess" dust or chemicals; it did not prohibit his exposure to all dust or chemicals.

The summary judgment evidence is not sufficient to support summary judgment for the plaintiff.  Although the foregoing historical information is undisputed, there is insufficient summary judgment evidence to support finding that the plaintiff was exposed to excessive levels of dust or chemicals while he attended Corrections Learning Network classes and that he was actually injured as a result of the alleged exposure to the irritants during those classes.

---

[8] Rec.doc.no. 23-3, p. 14, exhibit 6.

[9] Rec.doc.no. 23-3, p. 15, exhibit 7.

[10] Rec.doc.no. 23-3, p. 16, exhibit 8.

[11] Rec.doc.no. 23-3, p. 56, exhibit 18.

5

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied.

Baton Rouge, Louisiana, February 27, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

6