UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEWIS E. LOVE (#457127) | CIVIL ACTION |
| VERSUS | |
| JODY BENDILY, ET AL. | NO: 08-00506-BAJ-SCR |

OPINION

Before the court is a **Defense Motion to Dismiss Original Complaint (Record Document 1) (Doc. 61)**, filed by Defendants, seeking an order from this Court dismissing, with prejudice, Plaintiff's claims. The motion is unopposed. For the reasons below, the Defendants' is granted in part and denied in part.

Pro se plaintiff Lewis E. Love ("Plaintiff"), while an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, against former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder ("Stalder"), former Warden James LeBlanc ("LeBlanc"), Warden Steve Rader ("Rader"), former Assistant Warden Dennis Grimes ("Grimes"), and Colonel Jody Bendily ("Bendily") (collectively "Defendants"). Plaintiff alleges that Defendants were deliberately indifferent to his health in violation of his constitutional rights. Plaintiff seeks compensatory and punitive damages, and declaratory and injunctive relief.

## I. Factual Allegations

According to Plaintiff's complaint, he suffers from asthma, and in 2003 was issued a permanent limited medical duty status which restricted him to performing work indoors with no exposure to dust or chemicals. Plaintiff alleges that on September 12, 2007, he was advised by a treating physician that his asthma had progressed to Chronic Obstructive Pulmonary Disease ("COPD"). On the same day, Plaintiff alleges that Bendily reclassified him to regular duty as a dormitory orderly.

Plaintiff alleges that the duties he was required to perform as a dormitory orderly exposed him to dust and required him to use cleaning products which aggravated his asthma and COPD. Plaintiff further alleges that he notified Bendily, Grimes, Rader, and LeBlanc that his work assignment was causing him to be exposed to conditions which aggravated his medical condition.

Plaintiff alleges that on September 26, 2007, he was reclassified to a limited duty status and was assigned to the Corrections Learning Network, which is an educational program held in Recreation Room II on Compound 1. Plaintiff also alleges that he was required to attend the class seven hours per day, five days per week. Plaintiff further alleges that throughout the day inmate orderlies used bleach, germicide, dust mops, and metal (brass) cleaners which aggravated his asthma and COPD.

## II. Applicable Law and Analysis

Defendants seek an order dismissing Plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(c).

### A. Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

Defendants seek an order dismissing Plaintiff's claims pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), on grounds that they are immune from suit pursuant to the Eleventh Amendment, and Plaintiff's claims for declaratory and injunctive relief are moot.

#### 1. Eleventh Amendment Immunity

Defendants argue that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.,* 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra,* at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability

3

upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, Plaintiff may recover money damages against Defendants insofar as Defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of his constitutional rights. Additionally, because Plaintiff sought prospective injunctive relief, his claim against Defendants in their official capacity is also actionable under § 1983. Of course, Plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

### 2. Mootness

Defendants argue that Plaintiff's claims for declaratory and injunctive relief are

4

moot. Here, Plaintiff's complaint seeks declaratory and injunctive relief. First, he requests a declaration that Defendants subjected him to physical and mental abuse, failed to curb the physical and mental abuse, failed to comply with his requests to be removed from harm and failed to provide adequate medical care, in violation of his Eighth Amendment rights. Second, he requests an injunction requiring Defendants to arrange for his examination by a pulmonologist and to provide any medical treatment recommended by the specialist. In addition, Plaintiff seeks to enjoin the Defendants from transferring him to another facility, while undergoing treatment, and until his condition is stabilized.

Defendants argue that on November 9, 2010, Plaintiff filed a notice of change of address indicating that he was released from custody.[1] Defendants argue that because Plaintiff was released, his claims for declaratory and injunctive relief are now moot.

Federal court jurisdiction under Article III of the Constitution is limited to "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1; *see City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983). In order to have standing to assert federal jurisdiction, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998) (internal quotation marks and citations omitted). A plaintiff that has sufficiently alleged an

---

[1] Doc. 54.

injury or a threatened injury to invoke federal jurisdiction may nevertheless lose the ability to maintain the suit. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 526 (5th Cir. 2008) ("[D]evelopments subsequent to the filing of a citizen suit may moot the citizen's case.") "[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

"Mootness can be described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693 (2000) (citation omitted); *see also Spencer*, 523 U.S. at 7, 118 S.Ct. 978 ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings.") (internal quotation marks and citation omitted). "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org.*, 529 F.3d at 525. Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff. *See Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998); *see also Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994).

A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Accordingly, Plaintiff's release from custody rendered his claims for declaratory and injunctive relief moot. Although Plaintiff has apparently been re-incarcerated in parish prison, his future detention in Dixon Correctional Institute is too speculative to warrant relief. *Id.* Accordingly, Plaintiff's claims for declaratory and injunctive relief are dismissed as moot.

### B.   Rule 12(c) - Failure to State a Claim

A review of the record shows that Defendants filed an answer on May 21, 2009.[2] Because a Rule 12(b) motion must be filed before responsive pleadings, the motion is untimely. However, an untimely Rule 12(b)(6) motion may be treated as a motion for judgment on the pleadings under Rule 12(c). *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (district court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim). A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme

---
[2] Doc. 42.

Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Rule 8(a)(2)).

"A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

To survive Defendants' motion, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Although

8

the court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff . . . . [it] do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

Here, Plaintiff alleges that he has suffered from severe asthma for many years. Plaintiff further alleges that in 2003 he was issued a permanent limited medical duty status which restricted him to performing work indoors with no exposure to dust or chemicals. Plaintiff alleged that on September 12, 2007, he was diagnosed as suffering from COPD. According to Plaintiff, on that same day, Bendily reclassified him from limited duty to dormitory orderly. Plaintiff alleges that an orderly is required to clean and maintain the dormitory using bleach, germicide, floor stripper, a dust mop, metal cleaner and buffers. According to Plaintiff, the duties he was required to perform as a dormitory orderly exposed him to dust and required him to use cleaning products which aggravated his asthma and COPD.

According to Plaintiff's complaint, after he was reclassified as a dormitory orderly, he informed Bendily, Grimes, Rader, and LeBlanc that dust and chemicals were causing him breathing problems and that his work assignment was causing him to be exposed to conditions which aggravated his medical condition.

Plaintiff alleges that on September 20, 2007, he received an interoffice memorandum from Rader informing him that the matter had been referred to the medical department. Plaintiff alleges that he was subsequently advised by the

9

medical department that he would be placed on the next reclassification board to be reassigned to work consistent with his limited duty status.

According to Plaintiff's complaint, on September 26, 2007, he was reclassified from dormitory orderly to limited duty and was placed in the Corrections Learning Network, a class held at the Recreation Room II on Compound 1. Plaintiff alleges that he was required to attend the class seven hours per day, five days per week. Plaintiff further alleges that while he attended class, orderlies used bleach, germicide, a dust mop, and metal cleaner to clean the unit, which aggravated his asthma and COPD.

Plaintiff alleges that on December 6, 2007, he filed Administrative Remedy Procedure ("ARP") DCI-2007-597, in which he complained that he was being placed in life-threatening situations. Plaintiff further alleges that on December 20, 2007, Rader denied the First Step of ARP DCI-2007-597. According to Plaintiff, on January 1, 2008, Secretary Stalder denied ARP DCI-2007-597 at the Second Step.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[3]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

The Court finds that the Plaintiff's allegations, when taken as true, are sufficient to state a claim upon which relief could be granted. Accordingly, Defendants' request that the Court dismiss Plaintiff's claims on this basis is denied.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants' **Defense Motion to Dismiss Original Complaint (Record Document 1) (Doc. 61)** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for declaratory and injunctive relief as **DISMISSED AS**

---

[3] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

**MOOT**. In all other respects, the Defendants' motion to dismiss is **DENIED**.

Baton Rouge, Louisiana this 20th day of February 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**