UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEWIS E. LOVE (#457127)**             CIVIL ACTION

**VERSUS**

**JODY BENDILY, ET AL.**                NO. 08-506-JWD-SCR

### R U L I N G

In January, 2015, the plaintiff's sister, Theresa Love, contacted the Court and advised the Court that the plaintiff had passed away. The Court conducted a telephone conference on January 8, 2015, and advised the plaintiff's sister that the Court would add her to the Court's Docket Sheet as an interested party and that the Court would allow her sixty (60) days to consult with an attorney and advise the Court whether she and the other surviving siblings of the deceased plaintiff "intend to proceed in this matter." R. Doc. 81. A second telephone conference was conducted on March 20, 2015, and the Court granted Theresa Love an extension of 30 days within which to make that determination. R. Doc. 84.

When no further information was forthcoming and when Theresa Love thereafter failed to participate in a telephone conference scheduled for June 3, 2015 (despite repeated attempts to contact her), R. Doc. 86, the defendants filed a formal Suggestion of Death into the record on June 8, 2015, pursuant to Rule 25(a), Fed.R.Civ.P. R. Doc. 88. In addition, the Court entered an Order

on June 9, 2015, advising all interested parties that "[i]f a Motion for Substitution is not filed in 90 days, the action will be dismissed pursuant to Rule 25(a)." R. Doc. 89.

Rule 25(a), Fed.R.Civ.P., provides that, upon the death of a party, a motion for substitution may be made by any party or by the decedent's successor or representative. However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*. As noted in the official Comments to Rule 25, in the absence of an extension of time granted pursuant to Fed.R.Civ.P. 6(b)(1), not here applicable, a motion to substitute "may not be made later than 90 days after the service of the statement [noting the death]."

In the instant case, the Court has provided ample opportunity to the surviving sibling of the deceased plaintiff, Theresa Love, to consult with an attorney, to notify the other surviving siblings of the pendency of this proceeding, and to file a motion for substitution herein. When no motion to substitute was forthcoming, the defendants complied with Fed.R.Civ.P. 25(a) by filing a Suggestion of Death into the record, and the Court further provided notice that this action would be dismissed within 90 days if no motion to substitute was thereafter filed. A review of the record reflects that no motion to substitute a proper party-plaintiff has been filed within the time allowed. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding shall be dismissed, with prejudice, pursuant to Fed.R.Civ.P. 25(a). Judgment shall be entered accordingly,

Baton Rouge, Louisiana, this 1st day of October, 2015.

```
_____
JOHN W. deGRAVELLES
UNITED STATES DISTRICT JUDGE
```